RECEIVED

OCT 1 5 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

PREALL GOLSTON (#98946)         DOCKET NO. 14-CV-2680; SEC. P

VERSUS                          JUDGE DRELL

NICOLE WALKER, ET AL.           MAGISTRATE JUDGE KIRK

REPORT AND RECOMMENDATION

Pro se Plaintiff Preall Golston filed the instant civil rights complaint (42 U.S.C. §1983) on September 5, 2014. Plaintiff was granted leave to proceed *in forma pauperis* on September 24, 2014. [Doc. #7]  Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, housed at the Winn Correctional Center ("WNC") in Winnfield, Louisiana. He names as defendants Nicole Walker, Tim Keith, John Doe, and Mr. Sweat. He complains about a mixer leaking oil at WNC. He seeks injunctive and monetary relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Plaintiff's Allegations*

Plaintiff alleges that the mixer he uses to mix dough for biscuits and rolls is leaking oil into the dough, thereby contaminating all of the inmates. He asks that each inmate be "tested" and that he be awarded compensatory and punitive damages.

*Law and Analysis*

1. Screening

Plaintiff is a prisoner who has been permitted to proceed *in*

*forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

2. Physical Injury

Plaintiff seeks compensatory damages for mental anguish. Title 42 U.S.C. §1997e was amended by the Prison Litigation and Reform Act of 1996. Under the current version of the statute, prisoners are barred from recovering monetary damages for mental or

emotional injuries "unless there is a prior showing of physical injury." Crawford-el v. Britton, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The "physical injury" required by §1997e(e) must be more than de minimis but need not be significant. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997). Because Plaintiff has alleged no physical injury, he cannot recover for emotional distress.

3.    Eighth Amendment

To the extent that Plaintiff attempts to present a claim under the Eighth Amendment, his claim fails. Convicted prisoners are protected by the Eighth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, which prohibits the infliction of "cruel and unusual punishments" on convicted prisoners. To establish a violation of the Eighth Amendment, a prisoner must show both (1) a deprivation of a basic human need, Helling v. McKinney, 509 U.S. 25, 31-32 (1993), and (2) deliberate indifference, Wilson v. Seiter, 501 U.S. 294, 303 (1991). In this case, Plaintiff has alleged neither.

First, a prisoner must demonstrate the objective component of conditions "so serious as to deprive prisoners of the minimal measure of life's necessities, as when it denies the prisoner some basic human need." Harper, 174 F.3d at 720. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Davis,

157 F.3d at 1006 (internal quotations omitted). "Second, under a subjective standard, the prisoner must establish that the responsible prison officials acted with deliberate indifference to his conditions of confinement." Harper, 174 F.3d at 720.

Plaintiff's allegation of leaking oil does not amount to a deprivation so serious as to deprive him the minimal measure of life's necessities. He does not allege that he was required to eat "contaminated" dough, or that he ever consumed any "contaminants." Nor has he alleged deliberate indifference. A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). According to Plaintiff's exhibits, he complained about the mixer, and the defendants had the mixer checked. No malfunctions or leaks were noted. Thus, even if there had been a serious risk to Plaintiff, officials did not disregard the risk.

4.   Standing

Plaintiff asks that all inmates be "checked" since they may have consumed contaminated dough. Plaintiff does not have standing to seek relief on behalf of other inmates. The standing doctrine derives from the Constitution's restriction of federal court jurisdiction to "cases and controversies." U.S. Const. art. III, §2, cl.1. Similarly, the Fifth Circuit has held that persons

4

claiming a deprivation of constitutional rights are required to show a deprivation of their *personal* rights, and not the rights of others.  See Coon v. Ledbetter, 780 F.2d 1158, 1159 (5th Cir.1986).

*Conclusion*

For the forgoing reasons, Plaintiff's claim is frivolous and malicious, and should be dismissed as such.  **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM

ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS

ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this ___15th___ day

of October, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE